**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Shawneay Jamison, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>LTD Financial Services, L.P., LTD Acquisitions, LLC and John Does 1-25.<br><br>Defendant(s). | C.A. No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shawneay Jamison (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C. against Defendant LTD Financial Services, L.P., (hereinafter "Defendant LTD Financial") and Defendant LTD Acquisitions, LLC (hereinafter "Defendant LTD Acquisition") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C § 1692(e). “After determining that the existing consumer protection laws ·were inadequate.” *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the FDCPA. *Id.* § 1692k.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

5. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the Commonwealth of Pennsylvania, County of Philadelphia at 7000 N Broad St., Apt. 102, Philadelphia, PA 19126-1731.

8. Defendant LTD Financial is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address of 3200 Wilcrest Suite 600, Houston, TX 77042-6000.

9. Upon information and belief, Defendant LTD Financial is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LTD Acquisitions is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA 3200 Wilcrest Suite 600, Houston, TX 77042-6000.

11. Defendant LTD Acquisitions is engaged in the business of acquiring, or claiming to acquire, delinquent debts and collecting them, both directly and through collection agencies. It is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12. Upon information and belief, Defendant LTD Acquisitions is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. All acts of Defendant LTD Financial with respect to the collection of this account were conducted as authorized agent for Defendant LTD Acquisitions.

14. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. The Class consists of:

   a. all individuals with addresses in the Commonwealth of Pennsylvania;

   b. to whom Defendant LTD Financial sent a collection letter;

   c. on behalf of Defendant LTD Acquisition;

   d. attempting to collect a consumer debt;

   e. that failed to identify and name the original creditor to whom the debt was allegedly owed;

   f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

18. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

20. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the

Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

21.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

     a.  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

     b.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A violate 15 USC §1692e.

     c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

     d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have

any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25.     Some time prior to November 3, 2020, an obligation was allegedly incurred by the Plaintiff to an original creditor.

26.     The original obligation arose out of transactions in which money, property, insurance or services which are the subject of the transactions were primarily for personal, family or

household purposes.

27.     The alleged original obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28.     The original creditor is a "creditor" as defined by 15 U.S.C. §1692a(4).

29.     The original creditor purportedly sold the alleged debt to Defendant LTD Acquisitions, a debt collector, who contracted Defendant LTD Financial to collect the alleged debt.

30.     Defendant LTD Acquisitions and Defendant LTD Financial collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation   – November 3, 2020 Collection Letter*

31.     On or about November 3, 2020, Defendant LTD Financial sent Plaintiff a collection letter (the "Letter") regarding an allegedly owed and unidentified debt.  See a true and correct copy of the Letter attached as Exhibit A.

32.     The Letter deceptively fails to identify who the original creditor to whom the alleged debt is owed.

33.     The Letter states that the creditor is "LTD Acquisitions, LLC," however upon information and belief, LTD Acquisitions, LLC is a debt buyer and debt-collector and not the original creditor.

34.     It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

35.     Mere illusions are not enough, but the letter must specifically and clearly state who the creditor is.

36. Here, Defendant fails to even allude to the original creditor and simply provides no information regarding Plaintiff's original creditor.

37. Defendant's letter provides Plaintiff no reference to which debt this may be related to and the mere mention of the debt buyer (LTD Acquisitions) and the debt collector (LTD Financial) does nothing to inform the Plaintiff as to the origin of the alleged debt.

38. This complete lack of identifying information was materially misleading to Plaintiff, who could not ascertain the creditor who claimed she owed a debt. Even if Plaintiff would have paid the debt, Plaintiff would not know to whom the debt was being paid.

39. Plaintiff sustained an informational injury as, since she could not identify the original creditor, she could not verify whether she owed the debt and, therefore, could not pay it.

40. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

**<u>COUNT I</u>**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Defendant violated §1692e:

a. By making a false and misleading representation in violation of §1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

46. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Shawneay Jamison, individually and on behalf of all others similarly situated, demands judgment from Defendants LTD Financial and Defendant LTD Acquisition as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 26, 2021

**GARIBIAN LAW OFFICES, P.C.**
/s/ Antranig Garibian
By: Antranig Garibian, Esq. (PA Bar No. 94538)
1800 JFK Blvd., Suite 300
Philadelphia, PA 19103
Phone: (215) 326-9179
ag@garibianlaw.com
*Attorneys For Plaintiff*